J. C. EIKENBARY ET AL. V. STEPHEN CLIFFORD.

[FILED MAY 18, 1892.]

Replevin: PLEADING: EVIDENCE.  In an action of replevin the
plaintiff alleged in his petition that the property was " not taken
in execution on any order or judgment rendered against said
plaintiff, or for the payment of any tax, fine, or amercement as-
sessed against him, or by virtue of any order of delivery," etc.,
and on the trial was permitted to prove that the property was
taken in execution on a judgment against him, but that the prop-
erty was exempt.   Held, That the proof must conform substanti-
ally to the allegations of the pleadings, and that the plaintiff
could not introduce proof that the property was taken under an
execution, but that it was exempt, without an amendment of his
petition.

ERROR to the district court for Cass county.   Tried be-
low before CHAPMAN, J.

A. N. Sullivan, for plaintiff in error, cited: Hull v. Mil-
ler, 4 Neb., 503; Tuttle v. Robinson, 78 Ill., 332; Max-
well, Justice Pr., 97; Howland v. Fuller, 8 Minn., 50;

*Borland v. O'Neal,* 22 Cal., 505; *State v. Melogue,* 9 Ind., 196.

*Matthew Gering, contra,* cited: *Town v. Wilson,* 8 Ark., 465; *Loomis v. Youle,* 1 Minn., 175; *King v. Cole,* 6 T. R. [Eng.], 640; Wells, Replevin, secs. 650–2, and cases cited; Id., 658; *Tripp v. Howe,* 45 Vt., 523; *Eddy v. Beal,* 34 Ind., 161; *Baker v. Dubois,* 32 Mich., 92; *Frink v. Flanagan,* 1 Gilm. [Ill.], 38; *Smith v. Emerson,* 16 Ind., 355; *Haggard v. Wallen,* 6 Neb., 271; *Sch. Dist. v. Mc-Intie,* 14 Id., 48; Maxwell, Pl. & Pr., 293; *Daniels v. Cole,* 21 Neb., 158; *Cool v. Roche,* 15 Neb., 27; *Hall v. Ray,* Id.; *Butler v. Mason,* 16 How. Pr. [N. Y.], 546; *Mitchell v. Williams,* 4 Hill [N. Y.], 16; *Holbrook v. Wight,* 24 Wend. [N. Y.], 169; *Pyle v. Warren,* 2 Neb., 241; *Peters v. Parsons,* 18 Id., 191.

MAXWELL, CH., J.

In December, 1886, judgment was recovered by E. G. Dovey & Son against the defendant for the sum of $239.25, and costs. An execution was duly issued thereon, which was returned unsatisfied. In August, 1889, a second execution was issued, which was levied upon a city warrant belonging to the defendant. Whereupon he brought an action of replevin to recover the warrant, the petition being as follows:

"The above-named plaintiff complains of the above-named defendant, and for cause of action says, that he is the owner of and entitled to the immediate possession of the following described goods and chattels, to-wit: One city warrant of the city of Plattsmouth, Nebraska, No. 1641, date August 15, 1889, for the sum of one hundred and thirty-four and $\frac{30}{100}$ dollars, payable to Stephen Clifford, or bearer, of the value of one hundred and thirty-four and $\frac{30}{100}$ dollars; that the said defendant wrongfully and unlawfully detained the said goods and chattels

from the possession of the said plaintiff, and has detained the same as aforesaid for the space of about twenty days, to plaintiff's damage, including attorney's fees and expenses, of fifty dollars; that said goods were not taken in execution on any order or judgment against said plaintiff, or for the payment of any tax, fine, or amercement assessed against him, or by virtue of any order of delivery issued under the chapter of the Code of Civil Procedure providing for the replevin of property, or on any other *mesne* or final process issued against the said plaintiff.

"Wherefore the said plaintiff prays judgment against the said defendant that he, the said defendant, do return to the said plaintiff the said goods and chattels so unlawfully detained, and for the said sum of fifty dollars, his damages so as aforesaid sustained by reason of said unlawful detention."

To this petition the defendant below filed, first, a general denial, and second, "defendants say for second defense that said property described in said petition was taken by the defendant, J. C. Eikenbary, as sheriff, on an execution issued out of the county court of this county on a judgment rendered by said court against said plaintiff and in favor of the defendants, E. G. Dovey & Son. Wherefore defendants pray judgment for a return of said property and damages for witholding the same and for costs."

Upon the issues thus found the cause was tried.

It is stated in the briefs that the affidavit is in the same form as the petition, but we do not find the separate affidavit in the record.

On the trial of the cause the jury returned a verdict for the defendant in error for the value of the warrant, viz., $134.50, upon which judgment was rendered.

Sec. 182 of the Code provides that the affidavit shall contain: "First—A description of the property claimed. Second—That the plaintiff is the owner of the property, or has a special ownership or interest therein, stating the facts

42

in relation thereto, and that he is entitled to the immediate possession of the same. Third—That the property is wrongfully detained by the defendant. Fourth—That it was not taken in execution on any order or judgment against said plaintiff; or for the payment of any fine, tax, or amercement assessed against him, or by virtue of an order of delivery issued under this chapter, or any other *mesne* or final process issued against him ; *Provided,* That such affidavit may omit the first and last clause of this subdivision and in lieu thereof show that the property was taken in execution on a judgment or order, other than an order of delivery in replevin, and that the same is exempt from such execution or attachment under the laws of this state."

The law of exemptions has come into existence at a much later date than the law of replevin. Hence, if exempt property is levied upon, the affiant may plead the exemption in his affidavit and maintain replevin for the property. It is not necessary in the petition to allege the exempt character of the property, it being sufficient to plead the interest of the plaintiff, to allege that he is entitled to the immediate possession of the property, and that the defendant wrongfully detains the possession thereof. The plaintiff may tender a special issue as to the character of his possession or that of the defendant, and where issue is joined thereon and the questions are material, the verdict and judgment must follow the pleadings.

In the case at bar the petition alleges that "the goods were not taken in execution on any order or judgment against said plaintiff, or for the payment of any tax, fine, or amercement assessed against him, or by virtue of any order of delivery," etc., when the proof shows beyond controversy that the warrant was taken under an execution. The plaintiff below having tendered an issue of that kind is bound by it, and cannot, without an amendment, prove that it was taken on execution, but that the property was exempt. The plaintiff's proof must substantially corre-

spond with the allegations of the petition.    The judgment
of the district court is reversed and the cause remanded for
further proceedings.

REVERSED AND REMANDED.

THE other judges concur.